```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            ASHEVILLE DIVISION
              1:09CV367-MU-02
```

| | | |
|---|---|---|
| **TODD BUCHANAN,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **ROBERT COOPER, <u>et al</u>.,** | ) | |
|     **Respondent.** | ) | |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of <u>Habeas Corpus</u> . . . " (document # 1), filed September 24, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs <u>habeas</u> courts promptly to examine <u>habeas</u> petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. As this is Petitioner's second <u>habeas</u> Petition by which he seeks to challenge his 2007 Assault conviction from Mitchell County, this matter will not long detain the Court. Indeed, for the reasons stated herein, the Court concludes that the instant matter must be <u>dismissed</u> as an unauthorized, successive Petition.

### I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

As was noted in Petitioner's first Petition (filed June 11,

2009, 1:09CV219-Mu-02), he pled guilty to charges of assault inflicting serious injury and failure to appear in the Superior Court of Mitchell County on August 22, 2007. Consequently, on that date the State court sentenced Petitioner to terms of 25 to 30 months and 8 to 10 months for the two convictions. Petitioner did not appeal either his convictions or sentences.[1]

Additionally, such first Petition reported that Petitioner had sought collateral review in the Superior Court of Mitchell County, but it failed to give any pertinent information regarding that relief, such as the dates on which the Motion for Appropriate Relief ("MAR," hereafter) was filed and denied, or the case and/or docket numbers for such proceeding. Based upon the undersigned's initial review of that first Petition, it appeared that Petitioner had failed to file his Petition within one-year of the date on which his convictions and sentences had become final. See 28 U.S.C. §2244(d)(1) et seq. Furthermore, this Court determined, notwithstanding his opportunity to do so, that Petitioner had failed to articulate a ground for equitable tolling, or for any other extension of that limitation period. Consequently, on June 17, 2009, the undersigned entered and Order dismissing Petitioner's Petition as time-barred.

---

[1] On his first form-Petition, Petitioner marked a box indicating that he directly had appealed his case. However, as the Court noted in its Order of dismissal (1:09CV219, document # 3), Petitioner's subsequent description of those proceedings and the Court's inability to locate any records of an appeal made it clear that no such direct appeal actually pursued. This time, however, Petitioner's form-Petition makes no reference to an appeal of his case.

2

Now, by this second Petition, Petitioner has returned to this Court, once again raising claims in connection with his 2007 conviction(s) from Mitchell County. This time, however, Petitioner is challenging the calculation of his sentence, complaining that he has not received credit for a 13-month period of pre-trial confinement as was promised to him by his former attorney and the trial court. Petitioner complains that the promise of pre-trial credit, which promise induced his guilty plea, was breached when he was denied the subject credit; that due to confusion, the Clerk of Court mistakenly reported the wrong date to be used in calculating his pre-trial credit; that the continued denial of this credit constitutes a violation of his Eighth Amendment rights; that he has a "fundamental liberty interest" in the credits which he is being denied; and that due to his attorney's breach of his fiduciary duty, his State court proceedings were unfair and resulted in a breach of his plea agreement. Because Petitioner has failed to secure permission to raise the foregoing claims -- all of which could have been raised in his first Petition, the instant successive Petition is subject to dismissal.

## II. **ANALYSIS**

Indeed, pursuant to 28 U.S.C. §2244(3)(A), before a second or successive <u>habeas</u> petition can be filed in the district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

3

Here, however, the Court has reviewed its records along with the docket for the Fourth Circuit Court of Appeals, and has failed to discover any such authorization from the appellate Court for this second Petition. Moreover, Petitioner has not even suggested that he has obtained authorization for this successive Petition. Rather, he merely attempts to explain why this Petition should not be rejected as time-barred. Suffice it to say, however, Petitioner's efforts are insufficient to confer authority upon this Court to consider the merits of his Petition. To put it simply, inasmuch as Petitioner has failed to obtain permission from the Court of Appeals to file this Petition, the same must be <u>dismissed</u>.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED** as an unauthorized, successive Petition.

**SO ORDERED.**

Signed: September 30, 2009

Graham C. Mullen
United States District Judge